**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA STEPHANIE GUZMAN-GALVEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03248-SHL-cgc |

**ORDER GRANTING PETITION**

On September 22, 2026, Petitioner Cynthia Stephanie Guzman-Galvez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Guzman-Galvez challenges her immigration-related detention as violative of her Fifth Amendment due process and Fourth Amendment rights. (Id. at PageID 2.) She seeks release from Respondent's custody. (ECF No. 8 at PageID 27.)

According to Petitioner, she was transferred to Richwood Correctional Center in Louisiana after she filed her Petition in this matter. (Id. at PageID 28, 30; ECF No. 1 at PageID 1–2; ECF No. 6 at PageID 15.) The transfer was not brought to the Court's attention until Petitioner's September 30, 2026, filing. Respondent's filing a day earlier, on September 29, 2026, made no mention of a transfer. Instead, Respondent stated that "Petitioner is in custody in the West Tennessee Detention Center in Mason, Tennessee," and cited to Petitioner's Petition. (ECF No. 6 at PageID 15.) Nonetheless, Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 14.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to

immediately transport Guzman-Galvez back to the Western District of Tennessee at the Government's expense and to release her immediately.

## BACKGROUND

Guzman-Galvez is a native and citizen of Guatemala who entered the United States in 2023. (ECF No. 8 at PageID 29.) She maintains a valid employment authorization document, lives with her Lawful Permanent resident fiancé, and has four children. (Id.) She was taken into ICE custody on September 17, 2026, and detained at the West Tennessee Detention Facility in Mason, Tennessee. (Id. at PageID 30.) She filed a habeas petition five days later. According to Petitioner, at some point following her detention, she was transferred to Richwood Correctional Center in Louisiana.

## ANALYSIS

Guzman-Galvez challenges her continued detention and seeks immediate release from Respondent's custody. (ECF No. 1 at PageID 6.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos, 175 F.4th 713. (ECF No. 6 at PageID 14.) That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'" Lopez-Campos, 175 F.4th at 732.

Nevertheless, Respondent maintains that "Petitioner should nevertheless be required to pursue and exhaust [her] available administrative remedies in immigration court before" the Court grants habeas relief. (Id.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt

resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Petitioner "rightfully state[s] that [she has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain her without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, she is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-cv-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Finally, the Court retains jurisdiction over the Petition, despite Petitioner's transfer out of the Western District of Tennessee. "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction." Weiss v. Healy, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), report and recommendation adopted, No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing White v. Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002)). And, "[u]nder the 'prison mailbox rule,' a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts." Neal v. Bock, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001).

Further, federal Respondents have previously returned habeas petitioners to this District

after transferring them away during the pendency of a petition. See, e.g., C.F.M.E. v. Minter, No. 26-cv-2269, ECF No. 17 at PageID 159 (W.D. Tenn. Mar. 25, 2026) ("Three days prior to the entry of this Order, . . . Petitioner was transferred to a detention facility in Louisiana. However, pursuant to the Court's Order, Respondents have confirmed that Petitioner is scheduled to be transferred back to the West Tennessee Detention Facility . . . .").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Western District of Tennessee. Immediately following Petitioner's return to this District, Respondent is **ORDERED** to release Petitioner. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 1st day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE