**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA STEPHANIE GUZMAN-GALVEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br>Respondent. | ) | No. 2:26-cv-03248-SHL-cgc |

**ORDER REQUIRING RESPONDENT TO FILE A STATUS REPORT BY 8:00 PM ON OCTOBER 15, 2026**

On October 9, 2026, the Court entered an Order requiring Respondent to file a second status report by October 11, 2026, to confirm that Petitioner was transferred back to the Western District of Tennessee and thereafter released. (ECF No. 12.) Respondent was further ordered to show cause why he had not complied with the Court's October 1, 2026, Order granting Petitioner's habeas petition and to provide a thorough plan to ensure that Petitioner's situation, which includes her unlawful detention and delayed release, is not repeated. (Id. at PageID 50.) Respondent submitted no filing as of October 13, 2026, so Respondent was ordered to show cause why no filing had been submitted and why Respondent should not be held in contempt for failure to comply with a court order. (ECF No. 14.)

Thankfully, Respondent complied with the October 13, 2026, Show Cause Order. (ECF No. 15.) Counsel for Respondent, Samuel Christian, Jr., explained that he "had been away from the office since close of business on October 7, 2026 and did not return until October 13, 2026, at which time he became aware of the Court's Order." (Id. at PageID 56.) Mr. Christian explains that, as soon as he became aware of this Court's Order, he contacted ICE officials and

asked why Petitioner had not been returned to Memphis and released. (Id.) According to Mr. Christian, and a declaration by Paul M. Gray, Assistant Field Office Director for ICE, the failure to return and release Petitioner, in compliance with this Court's Order, was the result of "the housing facility not making it to the flight line." (Id.; ECF No. 15-1 at PageID 59.)

The explanations offered by Mr. Christian and Mr. Gray are completely unacceptable. Mr. Christian's time "away from the office" does not excuse him, or his office, from complying with a court's order, especially one relating to an individual who, despite this Court's Order, continues to be unlawfully detained. Equally troubling is the explanation offered by Mr. Gray. As his declaration indicates, the officials at the facility housing Petitioner, for reasons unstated, caused Petitioner to miss her flight. Again, this is not acceptable. Counsel for Respondent, and the other government employees he coordinates with in this case and others like it, are cautioned. The type of behavior demonstrated in this case will not be tolerated, and, if it is repeated in this case or others like it, consequences will follow.

Petitioner's case, like countless others, involves agents of the government illegally detaining individuals and then, inexcusably, delaying their release in violation of court orders. The oft-repeated adage rings particularly true here: justice delayed is justice denied. Therefore, and considering the repeated failures of Respondent and others, Respondent is **ORDERED** to file a status report, by **8:00 PM central standard time on October 15, 2026**, confirming that Petitioner has been returned to the Western District of Tennessee and immediately released.

**IT IS SO ORDERED,** this 14th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE